U.S. District Court
District of Rhode-Island (Providence)

| | |
|---|---|
| HAKEEM PELUMI,<br>Plaintiff,<br>Vs.<br>MONIQUE LANRY, Individually and in her official capacity, OFFICER CUTE, individually and in his official capacity. Et -al., DENNIS GERSTMEYER, individually and in his official capacity. Et-al, GORDONG HEPWORTH. Individually and in his official capacity. Et-al, RICHARD FINNEGAN individually, and in his capacity as bail commissioner. Et-al, MARSHA HOULE. Et-al, MICHAEL HOULE,<br>Defendant | Case No.: C.A. No 08-84ML, 08-85ML, 08-86ML, 08-87ML, 08-105ML, 08-106ML, 08-107ML.<br><br>**OBJECTION TO COURT'S SECOND REPORT and RECOMMENDATION FOR SUMMARY DISMISSAL.** |

**OBJECTION TO COURT'S SECOND REPORT and RECOMMENDATION FOR SUMMARY DISMISSAL.**

**Facts.**

1. **Pelumi v. Landry,** CA. No. 08-84ML. Plaintiffs second amended is suing under the Federal Constitution and a Federal Statute, and thus, there is Federal question jurisdiction. Plaintiff now sues Landry NOT only in her capacity, but also individually .Federal diversity jurisdiction exists since the substantial part of the event giving rise to this claim occurred in Providence, Rhode-Island. 28 USC 1391 (a)(1)(2)(3) and (b)(1)(2) and (3). Plus, the complaint also satisfy the "Amount in Controversy Threshold of $75,000. Therefore, Jurisdiction is proper in this court. 28 USC 1332(a). **"Rhode-Island department of business regulation DOES NOT HAVE THE AUTHORITY TO SETTLE or ARBITRATE CLAIMS, DETERMINE LIABILITY OR ORDER AN INSURER TO PAY A CLAIM"**. (See attached document from Progressive Insurance Co). Therefore, this case is properly placed to be heard in this Federal court.
2. **Pelumi v. Cicilline,** CA. No 08-85ML. This complaint has already been amended to read **Pelumi v Officer Cute**. Et-al. Plaintiffs amended Complaint do not include Cicilline in its amended complaint. Diversity exists because substantial of the event giving rise to the claim also occurred in Providence, Rhode-Island. 28 USC 1319(a)(1), (2), (3) and (b)(1), (2) and (3). Defendant's action DID raise an inference of **racial discrimination**. THIS is the cause of the officer's action.

3. **Pelumi v. Gerstmeyer**, CA. No 08-86ML. Original Jurisdiction exists pursuant to 42 USC 1983. The court claimed this case is time barred because of the three (3)

statue of limitation, **BUT OMMITTED the FACT that the Plaintiff has been in contact with (a) United States Department of Justice. Civil Rights Division Washington DC who is responsible for enforcing civil rights violations;** (b) United States Attorney Generals Office, Rhode-Island. Et-all ever since 2001, and also attached proof of communications with these offices since 2001 when the violation took place. The court Erred in omitting or not taking into account that Plaintiff has taken necessary steps required of a victim of civil rights violation. It is the duty of the responsible division of the Department of Justice to take action. If requested again, Plaintiff will gather all pertinent correspondence documents to and from the Justice department in order to further prove that this case should not be time barred. Diversity also exists in the amended complaint under 28 USC 1332 and coupled with the satisfaction of the $75000 amount in controversy threshold.

4. Pelumi v. Hepworth, C.A. No. 08-87ML. Diversity exists pursuant to 28 USC 1391(a)(1), (2) and (3) because substantial part of the event giving rise to the action occurred in Providence, Rhode-Island and secondly, both defendants, Hepworth and Jamie Coher are citizens of a different state from the plaintiff. 28 USC 1332(a)(1). Thereby giving rise to Complete Diversity jurisdiction. **In this courts first Report and Recommendation, at the bottom of page 8, the court noted that jurisdiction exists under 28 USC 1332(c)(1) I quote;" On it's face, Pelumi's complaint suggests the existence of diversity as he alleges Defendant's principal place of business is located in New York. However, pursuant to 28 USC 1332(c)(1), an insurer is also deemed to be a citizen of the state of which its insured is a citizen. If the insured driver (Jamie Coher) is a Rhode Island citizen, this fact would destroy federal diversity jurisdiction"** In this case, Jamie Coher is a citizen of New York. So, federal diversity jurisdiction exist.

5. **Pelumi v. State of Rhode-Island,** C.A. No. 08-105. This complaint has already been amended to; **Pelumi v. Richard Finnegan** individually and in his official capacity. In its first Report and Recommendation, this court stated the Defendants were sued in ONLY in their official capacity. Further, it has been held that damages are not recoverable under section 1983 against a state and a state employee in his or her official capacity because they do not constitute "persons" within the meaning of the statute. Plaintiff's amended complaint responded with "Monell v. New York city. 43 US 690 which states "**Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress DID INTEND municipalities and other government units to be included among those "Persons" to whom 1983 applies. Local government bodies therefore, can be sued directly under 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the 1983 action against a government body is an allegation that official policy is responsible for a**

**deprivation of rights protected by the constitution, local governments, like every other 1983 'persons', by the very terms of the statute, MAY BE SUED for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels'.Also, "At the time Dictioner Act as passed, Boies Politic and Corporate was understood to include the State". Past at 491 US 78. Thus, the Complaint in this civil action DOES state a LEGALLY VIABLE CLAIM UPON WHICH RELIEF CAN BE GRANTED.** Therefore, Plaintiff did state a viable federal claim upon which relief can be granted.

6. **Pelumi v. Menard,** C.A. No. 08-106ML. Plaintiff has already amended this complaint to read; **Pelumi v. Marsha Houle.** Et-all. In its first Report and Recommendation, the court stated Plaintiff did not sue officer Houle and instead sued Menard. Court claimed "A claim against a municipality requires an allegation that an official municipal policy or custom was the legal cause of the violation as reasons for plaintiffs not stating a viable claim and the claim should be dismissed. However, Plaintiff already corrected the errors in the amended complaint to include the fact that OF COURSE, Woonsocket is a municipality under state of Rhode-Island, and Marsha Houle is Police officer acting under color of state law. My federal claims in fact did state a viable claim and violation of Plaintiffs Constitutionally protected right was clearly stated.

7. **Pelumi v. Houle,** C.A. No 08-107ML. The federal claim has been corrected to Rhode-Island State law personal injury claim for the dog bite as required, or recommended by this court in its first report and recommendation. Also, due to pertinent information and belief, Defendant Houle is said to be a citizen of Massachusetts, as opposed to Plaintiffs initial complaint. And thereby giving rise to complete federal diversity jurisdiction and thus, provides this court with subject matter jurisdiction over any state law.

**SUMMARY**

For the reasons stated, pursuant to 28U.S.C 1330(a), 1331, AND 1332 Plaintiffs complaint factually stated viable claims upon which relief can be granted, and therefore should admitted and heard in this court and proceed for further proceedings.

**(1). I f the court accepted Plaintiff's version of events as true and drew all inferences in Plaintiffs favor, a fact finder could easily find Constitutional violation was clearly established.**

**(2). Plaintiff adduced sufficient evidence for a permissible inference that the defendants actually violated Plaintiffs Constitutional rights.**
**(2). Plaintiff Hakeem Pelumi has been denied any available State law rememedies because, The mere SILENCE of repective agencies regarding the applicable State**

**Law remedies supports Plaintiff COMPLIANCE and therefore was DENIED the required remedies.**

**(3). All of Plaintiff's claims are not frivolous, unreasonable, or without foundation. So, I ask the court to grant that all the Plaintiff's seven (7) claims be admitted for further proceedings.**

**(4). If with all Plaintiff's effort in correction of this second amended complaints still did not satisfy this court as viable claims, Plaintiff hereby humbly ask the court to appoint a court-appointed lawyer for assistance.**

Dated this 6th day of June, 2008

HAKEEM PELUMI
182 CUMBERLAND STREET.
APT: 75
WOONSOCKET. RI. 02895
401-356-0660